## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: S.C., K.M. II, and D.M.

**No. 16-0426** (Mineral County 15-JA-11, 15-JA-13, & 15-JA-14)

## MEMORANDUM DECISION

Petitioner Father K.M., by counsel Nicholas T. James, appeals the Circuit Court of Mineral County's April 15, 2016, order terminating his parental rights to nine-year-old S.C., eight-year-old K.M. II, and seven-year-old D.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Meredith H. Hines, filed a response on behalf of the children also in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in finding that he abandoned his children, and holding an accelerated dispositional hearing, and failing to make appropriate adjudicatory findings.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2013, the DHHR filed a petition for abuse and neglect against the children's biological mother alleging that she failed to properly supervise the children and that the children committed sexual acts against and/or with each other. The mother was granted services to address these issues. Ultimately, the children were returned to the mother's custody.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

In May of 2015, the DHHR filed a second abuse and neglect petition against the children's mother alleging that she failed to appropriately supervise and protect the children. The petition contained additional allegations that the mother admitted that a prior abuse and neglect proceeding had been initiated because the children were perpetrating sexual acts with and/or against one another. Initially, petitioner was considered a non-offending parent because he was incarcerated in the State of Florida.[3] The petition notes that the Circuit Court of Mineral County previously ordered that petitioner was prohibited from contacting his children until he properly petitioned the circuit court.

Petitioner was released from incarceration in August of 2015.[4] The circuit court then appointed petitioner counsel who filed a motion for visitation on the grounds that petitioner was a non-offending parent and was no longer incarcerated. In November of 2015, the DHHR filed an amended petition for abuse and neglect against petitioner alleging that he was incarcerated at the time of the original petition, that he had not had contact with his children since before his incarceration, and that he does not have a bond with his children. The DHHR also alleged that petitioner was required to register as a sex offender stemming from his conviction of aggravated criminal sexual abuse in Illinois.

Two months later, the circuit court held a hearing on the amended petition during which petitioner moved for a continuance so that he could appear in person.[5] By order entered February 12, 2016, the circuit court granted petitioner's motion for a continuance. Importantly, the circuit court ordered that **"[t]he matter shall come on for an adjudicatory/dispositional hearing on the Amended Petition regarding [petitioner] on March 8, 2016[.]"** (Emphasis in original).

On March 8, 2016, the circuit court held a combined adjudicatory and dispositional hearing during which the DHHR proffered that petitioner has not had contact with his children because he was previously incarcerated and that reunification efforts were not required. Thereafter, a DHHR worker testified that petitioner failed to contact the DHHR since the amended petition was filed and objected to any visitation with the children because it was not in their best interests, and that petitioner does not have a bond with the children. Petitioner admitted

---

[3]Petitioner was convicted of aggravated criminal sexual abuse in the Illinois in 1999. He was sentenced to a term of incarceration of thirty months and, upon his release, was required to register as a sex offender for a period of ten years. Upon his release, petitioner moved to the Florida. In 2012, petitioner was arrested for grand theft auto in the Florida and released on probation. Thereafter, he was arrested for violating his probation for driving on a suspended license. Petitioner was incarcerated for approximately four years related to his grand theft auto conviction and probation violation.

[4]The mother's parental rights were terminated by order entered on August 24, 2015. This Court affirmed the termination of the mother's parental rights by order entered on February 26, 2016. *See In re D.C., S.C., K.M., and D.M.*, No. 15-0908, 2016 WL 634566 (W.Va. Feb. 16, 2016)(memorandum decision).

[5]Petitioner needed additional time to make arraignments to travel from Florida to West Virginia.

that he had not had contact with his children for four years. Petitioner also testified that, in addition to being convicted of aggravated criminal sexual abuse, he had also been convicted of driving under the influence, grand theft auto, and forgery. By order entered March 29, 2016, the circuit court found that petitioner abandoned his children and the circuit court terminated his parental rights. Thereafter, petitioner filed a motion for reconsideration and for post-termination visitation. Following a hearing on these motions, the circuit court denied petitioner's motions. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding that he abandoned his children. In support of this argument, petitioner argues that he did not fail to support or communicate with his children for six consecutive months immediately before the DHHR filed its amended petition in November of 2015. Furthermore, petitioner argues that the circuit court's order preventing him from contacting his children and his incarceration present "compelling circumstances" to rebut the presumption that he abandoned his children. *See* W.Va. Code § 48-22-306.[6]

---

[6]West Virginia Code § 48-22-306 provides that a child over the age of six is presumed to be abandoned when the birth parent:

[f]ails to financially support the child within the means of the birth parent; and [f]ails to visit or otherwise communicate with the child when he or she knows where the child resides, is physically and financially able to do so and is not prevented from doing so by the person or authorized agency having the care or custody of the child: Provided, That such failure to act continues uninterrupted for a period of six months immediately preceding the filing of the adoption petition.

(continued . . .)

Upon examining petitioner's argument and the relevant statutory law, we find petitioner's reliance upon West Virginia Code § 48-22-306 to be misplaced. First, West Virginia Code § 48-22-306 and its related provisions specifically govern adoptions, rather than child abuse and neglect proceedings. Furthermore, in West Virginia, child abuse and neglect proceedings are governed by their own statutory scheme. *See generally* W.Va. Code § 49-1-101 et seq. In child abuse and neglect proceedings "'[a]bandonment' means any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child[ren.]" W.Va. Code § 49-1-201.

Upon our review of the record on appeal, the Court finds no error in the circuit court's finding that petitioner abandoned his children. As previously noted, we "must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." *In re Cecil T.,* 228 W.Va. at 91, 717 S.E.2d 875. Further, we have long held that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (*citing* Syl. pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); *see also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Specifically, the circuit court heard testimony from a DHHR worker that petitioner failed to contact the DHHR after the amended petition was filed and that petitioner does not have a relationship with his children. Importantly, petitioner also testified that he had not seen his children for four years. This evidence was clearly sufficient to establish that petitioner abandoned his children. Based on the facts of this case, we find no error in this regard.

Next, petitioner argues that the circuit court failed to make appropriate findings of fact and conclusions of law on the record that his children were abused and/or neglected prior to terminating his parental rights. We disagree. Rule 27 of the Rules of Procedure for Child Abuse and Neglect Proceedings provides that "[a]t the conclusion of the adjudicatory hearing, the court shall make findings of fact and conclusions of law, *in writing* or on the record, as to whether the child is abused and/or neglected in accordance with W. Va. Code § 49-4-601(i)." (Emphasis added). Upon review of the record, the circuit court's written order included appropriate findings of fact and conclusions of law that petitioner's children were abused and/or neglected. Specifically, the circuit court found that petitioner had no contact with his children during the

. . .

> (d) Notwithstanding any provision in this section to the contrary, any birth parent shall have the opportunity to demonstrate to the court the existence of compelling circumstances preventing said parent from supporting, visiting or otherwise communicating with the child: Provided, That in no event may incarceration provide such a compelling circumstance if the crime resulting in the incarceration involved a rape in which the child was conceived

4

pendency of the underlying case, that petitioner did not have a bond with his children, and had not had contact with his children for a period of four years.

Finally, petitioner argues that the circuit court erred in holding an accelerated dispositional hearing on March 8, 2016, because it denied him the opportunity to be heard and prevented him from moving for an improvement period. We disagree. As to the accelerated dispositional hearing, the Court recognizes that the specific requirements set forth in Rule 32(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings were not met. Specifically, in order to hold a dispositional hearing immediately after an adjudicatory hearing, among other requirements, all parties must agree. Specifically, we have held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Nonetheless, based upon our review, it does not appear that the process for abuse and neglect proceedings was "substantially disregarded or frustrated" by the circuit court's decision to hold an accelerated dispositional hearing. *See Id.* This is true in light of several factors. First, petitioner specifically requested that the February 8, 2016, hearing be continued so that he could appear in person. As such, the circuit court entered an order that provided petitioner with clear notice that the March 8, 2016, hearing "**shall come on for an adjudicatory/dispositional hearing on the Amended Petition[.]**" (Emphasis in original). Additionally, it is clear that petitioner was given the opportunity to be heard during the combined hearing in that he testified on his own behalf and counsel was allowed to cross-examine witnesses.

Further, the Court finds no merit in petitioner's argument that the accelerated disposition hearing denied him an opportunity to move for an improvement period. Petitioner had approximately one month from the time he requested a continuance until the properly noticed adjudicatory/dispositional hearing on March 8, 2016, in which he could have filed a motion for an improvement period. We further observe that the DHHR was not required to make reasonable efforts to preserve the family. West Virginia Code § 49-4-604(b)(7) provides, in relevant part, that "the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has subjected the child . . . to aggravated circumstances which include, but are not limited to, abandonment [or] has been required by state or federal law to register with a sex offender registry[.]" Here, the circuit court explicitly found that petitioner abandoned his children. Furthermore, it is undisputed that petitioner was required to register as a sex offender upon his conviction for aggravated criminal sexual abuse in the State of Illinois. Therefore, the DHHR was not required to make reasonable efforts to preserve the family. Based on the facts of this case, we find no error.

5

For the foregoing reasons, we find no error in the circuit court's April 15, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: September 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II